UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X  NOT FOR PUBLICATION
JOSEPH STROTHERS,

               Petitioner,             **MEMORANDUM AND ORDER**

    -against-

                                      **12-CV-1746 (SLT)**

SUPERINTENDENT LARKIN,

               Respondents.
------------------------------------------------------------X
TOWNES, United States District Judge:

      Petitioner Joseph Strothers, appearing *pro se* and currently incarcerated at Eastern Correctional Facility, seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this petition and, for the reasons set forth below, determined that the petition appears to be time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Court grants petitioner's request to proceed *in forma pauperis* and directs petitioner to show cause within 30 days of the entry of this Memorandum and Order why the petition should not be dismissed as time-barred.

## BACKGROUND

      On May 13, 2003, petitioner was convicted, upon a guilty plea, in the Supreme Court of the State of New York, Queens [Kings struck out] County, of murder in the second degree and sentenced to nineteen years to life imprisonment. Petition at ¶¶ 1-6. Petitioner did not appeal from the judgment of conviction or seek further review by a higher court or the United States Supreme Court. *Id.* at ¶¶ 8-9. On February 10, 2011, petitioner filed a post-conviction motion which was denied on May 10, 2011, and the Appellate Division affirmed the state trial court's decision on December 7, 2011. *Id.* at ¶¶ 11-12, Unmarked Exhibits. The Court received the instant petition on April 5, 2012.

## DISCUSSION

With the passage of the AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Under subsection (A),[1] the instant petition appears untimely. Petitioner's conviction became final on June 12, 2003, upon expiration of the 30-day period for filing a notice of appeal from the judgment of conviction with the Appellate Division. *Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002); N.Y. Crim. Proc. Law § 460.10(1)(a). In order to be timely, this petition should have been filed on or before June 14, 2004.[2] Instead, it was filed on April 5, 2012, well after the one year limitations period had expired. Therefore, unless the petitioner can show that the one-year statute of limitations period should be tolled, the petition is barred by 28 U.S.C. §

---

[1] Petitioner does not state any facts to conclude that subsections (B)-(D) are applicable.

[2] Because June 12, 2004 fell on a Saturday, petitioner had until Monday, June 14, 2004.

2244(d) as untimely.

Tolling

    A. Statutory Tolling

In calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). The post-conviction proceeding, however, does not start the one-year period to run anew. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation. *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000) (*per curiam*). Because petitioner filed his post-conviction motion on February 10, 2011, well after the one year limitations period expired, he cannot avail himself of statutory tolling.

    B. Equitable Tolling

The limitations period may also be equitably tolled, but only if petitioner (1) "has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal quotation omitted); *Smith*, 208 F.3d at 17. Mental illness may warrant equitable tolling, but "a habeas petitioner must demonstrate that [his] particular disability constituted an extraordinary circumstance severely impairing [his] ability to comply with the filing deadline, despite [his] diligent efforts to do so." *Bolarinwa v. Williams*, 596 F.3d 226, 232 (2d Cir. 2010) (internal quotation marks and citation omitted). Petitioner must provide "a particularized description of how [his] condition adversely affected his capacity to function generally or in relationship to the pursuit of [his] rights." *Id.* (internal quotation marks and citation omitted). Here, petitioner does not make any arguments suggesting that equitable tolling should apply to this petition and he does not explain the delay of

3

over six years from the date his conviction became final before seeking both state and federal review.

## CONCLUSION

Accordingly, the Court directs petitioner to show cause by written affirmation,[3] within 30 days from entry of this Memorandum and Order, why the petition should not be dismissed as time-barred by the AEDPA's one year statute of limitations. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000). In the affirmation, petitioner must present any facts which would support equitable tolling of the period of limitations, if applicable.

No response or answer shall be required at this time from respondent and all further proceedings shall be stayed for 30 days or until petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

SO ORDERED.

/S/

/ SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
April /8 , 2012

---

[3] An affirmation form is attached to this order for petitioner's convenience.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

JOSEPH STROTHERS,

                Petitioner,

   -against-

SUPERINTENDENT LARKIN,

                Respondent.
---------------------------------------------------------X

**PETITIONER'S AFFIRMATION**

**12-CV-1746 (SLT)**

JOSEPH STROTHERS, appearing *pro se*, makes the following affirmation under the penalties of perjury: I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's Order dated _____. The instant petition should not be time-barred by the one-year period of limitation because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____
Signature & Identification Number

_____
Address

_____
City, State & Zip Code